

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,985-01

### Ex parte STEVEN CHARLES EWTON, Applicant

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1355716-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY, J., joined.**

The Court grants Applicant relief in the form of an out-of-time appeal. I write to clarify the extent of relief to which I believe Applicant is entitled.

The record reflects, and the habeas court finds, the following. Applicant pled guilty in exchange for deferred adjudication. On May 8, 2015, the State filed a motion to adjudicate guilt alleging that Applicant violated the conditions of community supervision.[1] Two weeks later, on May 22, 2015, the State amended its motion by adding an allegation that Applicant unlawfully escaped from custody while confined in the Harris County jail.[2] Five months later, on October 22, 2015, the

---

[1] Findings of Fact and Conclusions of Law, paragraph 17 ("F/F 17").

[2] F/F 19.

trial court initiated proceedings on the motion to adjudicate.[3]   Before the proceedings began,

Applicant signed a stipulation of evidence where he pled true to the allegations and waived appeal.[4]

As part of the stipulation of evidence, the State attached its first amended motion to adjudicate guilt,

reflecting that the State abandoned the paragraph that alleged the escape offense.[5]

Applicant received consideration for his waiver of appeal in the form of the State abandoning

an allegation that he committed the new offense of escape.[6]   Because the State gave consideration

for Applicant's waiver of appeal, the waiver is valid.  But, under *Garza v. Idaho*, Applicant has the

right to have his attorney file a notice of appeal, even if that appeal would ultimately be dismissed.[7]

The fact that Applicant has a right to have a notice of appeal filed does not mean that he has

a right to appeal.  Applicant has no right to appeal because he waived that right and the State gave

consideration for the waiver.  When the Court's opinion gives Applicant the right to file an out-of-

time appeal, it may sound like he has a right to appeal.  If that is the case, I cannot agree because the

waiver is valid.  Applicant has the right to file a notice of appeal, but the court of appeals should

---

[3]  F/F 20.

[4]  F/F 21.

[5]  F/F 22.

[6]  State's Exhibit 1 at the adjudication hearing held on October 22, 2015 is a stipulation of evidence.  It includes a copy of part of the second motion to adjudicate that was filed on May 22, with the allegation of the new offense crossed out, and the undated notation "State abandons. ADA Stayon." The date at the bottom of the exhibit is May 22, 2015, but that is just the date the motion to adjudicate was filed, not the date of the abandonment.  If May 22, 2015, were the date of the abandonment, it would mean that the State filed the new motion to adjudicate and abandoned the allegation on the same day.  Applicant has not suggested that that happened and it is obvious from the record that it did not.

[7]  139 S. Ct. 738, 749-50 (2019).

dismiss the appeal because of the waiver.

Filed: October 11, 2023

Publish